**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| Jerry Nathan Pruitt, # 233487, ) | |
| ) | |
| Petitioner, ) | C.A. No.:6:08-1535-PMD-WMC |
| ) | |
| v. ) | |
| ) | **ORDER** |
| State of South Carolina, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

This matter is before the court upon Jerry Pruitt's ("Pruitt" or "Petitioner") petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. This matter has been reviewed by United States Magistrate Judge William Catoe and is currently before the court upon the Magistrate Judge's recommendation that the petition be summarily dismissed as a second or successive habeas petition pursuant to Rule 9 of the Section 2254 Rules and 28 U.S.C. § 2244(b)(3)(A). The record contains a report and recommendation of the Magistrate Judge ("R&R"), which was made in accordance with 28 U.S.C. § 636(b)(1)(B). A petitioner may object, in writing, to a report and recommendation within ten days after being served with a copy of that report. 28 U.S.C. § 636 (b)(1). Petitioner Pruitt has filed timely objections to the R&R.

**BACKGROUND**

In 1996, Pruitt was convicted and sentenced for armed robbery and assault and battery with intent to kill. Pruitt filed a direct appeal to the South Carolina Court of Appeals, which affirmed his convictions on May 18, 1998. He filed an application for post-conviction relief ("PCR") on July 23, 1998 raising seventeen (17) different issues. The application for PCR was denied on September 15, 2000. Pruitt then filed a petition for writ of certiorari to review the denial of his application for PCR. The South Carolina Supreme Court denied the request for review on May 16, 2002.

Pruitt filed his first petition for writ of habeas corpus on September 17, 2002. On July 15, 2003, the District Court granted Defendant's motion for summary judgment. Pruitt filed an appeal with the Fourth Circuit Court of Appeals who denied him a certificate of appealability and dismissed his appeal.

Pruitt now files his second petition for writ of habeas corpus challenging the 1996 conviction based upon a challenge to subject matter jurisdiction and his allegation that the indictment, conviction, and sentence was obtained through acts of misconduct, perjury, and fraud. The Magistrate Judge issued an R&R on May 7, 2008, recommending that the Respondent's Motion for Summary Judgement be granted and Pruitt's habeas petition be dismissed without prejudice as a successive §2254 petition under Rule 9 of the Section 2254 Rules.

## STANDARD OF REVIEW

The court is charged with conducting a *de novo* review of any portion of the R&R to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636 (b)(1). Any written objection must specifically identify the portions of the R&R to which objections are made and the basis for those objections. *Id.*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in the above-captioned case. The review was conducted pursuant to the Rules Governing Section 2254 Cases and the Anti-Terrorism and Effective Death Penalty Act of 1996. Petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *Hughes v. Rowe*, 449 U.S. 5 (1980); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F. 2d 1291 (4th Cir. 1978); *Gordon v. Leeke*, 574 F. 2d 1147

(4th Cir. 1978). Even under this less stringent standard, however, the Magistrate Judge found the *pro se* petition is still subject to summary dismissal.

After a *de novo* review of the entire record, including the R&R and Petitioner's objections, the court concludes that the R&R sets forth the relevant facts and applies the correct principles of law. Accordingly, the court adopts the R&R in full and incorporates it into this Order.

## DISCUSSION

In the R&R, the Magistrate Judge noted that this is Petitioner's second Petition for Writ of Habeas Corpus pursuant to § 2254. Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petitioner seeking to file a second or successive § 2254 petition in this court must first obtain an order from the United States Court of Appeals for the Fourth Circuit authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); 28 U.S.C. § 2254. As such, the court cannot consider a second or successive § 2254 petition unless Petitioner first obtains a Pre-Filing Authorization from the Fourth Circuit. In the instant petition, the Petitioner concedes that he has not obtained the requisite authorization from the United States Court of Appeals for the Fourth Circuit prior to filing this successive petition. Accordingly, the Magistrate Judge found that the petition before the court should be dismissed as premature, as Petitioner does not yet have permission from the Fourth Circuit to file his successive §2254 petition.

Petitioner objects to the recommendation, and he has listed several reasons which, in his view, suggest that the court should hear and decide his application despite his failure to obtain leave from the Fourth Circuit. He argues that the AEDPA rule requiring pre-filing authorization for

3

successive habeas petitions does not apply to his case, since he submits this action as a new action under new grounds based upon subject matter jurisdiction and fraud. After reviewing this objection carefully, the court finds it to be without merit.

The specific purpose of the AEDPA rule requiring pre-filing authorization is "to eliminate the need for the district courts to repeatedly consider challenges to the same conviction unless an appellate panel first found that those challenges had some merit." *United States v. Key*, 205 F.3d 773 (5th Cir. 2000). In fact, the district court must immediately dismiss a second or successive habeas petition filed without prior authorization, whether filed *pro se* or assisted by council, for lack of jurisdiction. *See Hooker v. Sivley*, 187 F.3d 680, 681-82 (5th Cir. 1999). Accordingly, this court lacks jurisdiction to analyze Pruitt's specific new habeas claims without first being given authorization by the Fourth Circuit.

Pruitt also requests that, if this court determine that it cannot decide his petition on its merits without certification from the Fourth Circuit, that he be granted an extension of forty-five (45) days to submit his application to the Fourth Circuit. This court has found no such authority that would allow it to grant such a request. When a statute removes jurisdiction of a particular case from the district court, it also by necessity removes the district court's consideration of motions pertaining to extension of time to particular claims over which the district court lacks jurisdiction. *See United States v. Jones*, 963 F. Supp. 32, 34 (D.D.C. 1997) ("Because [petitioner's] right to file a second § 2255 motion must initially be addressed by the Court of Appeals rather than by this Court, it is logical (although not specifically addressed in the Act) that the Court of Appeals is also the appropriate forum to address his motion for an extension of time within which to file that second § 2255 motion."); *Key*, 205 F.3d at 774.

Since Petitioner has not yet obtained permission from the Fourth Circuit, the petition is prematurely filed and the court is without jurisdiction to entertain his claim. *See, e.g., Key*, 205 F.3d at 773; *United States v. Boone*, 2 Fed. Appx. 254, 2001 WL 46554 (4th Cir. 2001) (citing *Key* with approval). Accordingly, the court dismisses Petitioner's § 2254 motion.

## CONCLUSION

It is therefore, **ORDERED**, for the foregoing reasons, that Jerry Pruitt's § 2254 motion is hereby **DISMISSED** without prejudice and without issuance and service of process for Petitioner to seek leave in the United States Court of Appeals for the Fourth Circuit to file this second or successive § 2254 motion.

**AND IT IS SO ORDERED**.

PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**June 25, 2008**

### Notice of Right to Appeal
Petitioner is hereby notified that he has the right to appeal this order within (30) days from the date hereof, pursuant to Fed. R. App. p. 3-4.

5